UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLEY COLEMAN, | CIVIL ACTION NO. |
| Plaintiff | SECTION: |
| vs | MAGISTRATE: |
| STREAMLINE RECOVERY INC, a New York corporation, | **JURY TRIAL DEMANDED** |
| Defendant | |

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, ASHLEY COLEMAN (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this District

because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in New Orleans, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. STREAMLINE RECOVERY INC. (hereinafter referred to as "DEFENDANT") is a New York Corporation, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. In July of 2014, DEFENDANT began placing calls to PLAINTIFF's phone number, in an attempt to collect a consumer debt from PLAINTIFF. DEFENDANT left the following pre-recorded message:

> This is an urgent message for Ashley Coleman. At this time it is imperative that we get a statement regarding this matter. Please push 1 to connect to our office immediately to talk to a representative or call us at 1-866-295-0569 immediately. That number again is 1-866-295-0569.

11. The pre-recorded message did not identify the name of the debt collection company, that the call was an attempt to collect a debt, that any information obtained will be used for that purpose, or that the communication was from a debt collector.

12. PLAINTIFF, confused about who was calling her, called the phone number back and spoke to a debt collector that identified the company as DEFENDANT.

13. During that phone call, DEFENDANT failed to notify PLAINTIFF that the call was an attempt to collect a debt, or that any information obtained will be used for that purpose.

14. When PLAINTIFF requested DEFENDANT's mailing address so that she could send a letter disputing and requesting verification the debt, she was transferred to a new debt collector, the alleged manager.  DEFENDANT told her the account is not in collections, that the account was in pre-legal - in civil mediation, and that PLAINTIFF's only way to dispute the debt is through court.  DEFENDANT advised PLAINTIFF that the creditor is trying to sue her, and she can either pay DEFENDANT to settle the case or go through the courts.

15. DEFENDANT refused to give PLAINTIFF its mailing address, arguing that PLAINTIFF was disputing the debt for no reason because she does not want to pay the bill back. DEFENDANT claimed it would mark that PLAINTIFF would rather go to court rather than pay the debt.

16. DEFENDANT never sent PLAINTIFF an initial 1692g notice.

17. As of the filing of this complaint, no lawsuit has been filed against PLAINTIFF.

18. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein.

PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

19. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 18 inclusive, above.

20. These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes:

    a. Class Number One: A class consisting of nationwide consumers who:

        i. Within one year prior to the filing of this action;

        ii. Received a pre-recorded message from DEFENDANT;

        iii. Which failed to conform to 15 U.S.C. § 1692e(11) in that it did not:

            1. Identify that the call was an attempt to collect a debt;

            2. Identify that any information obtained will be used for that purpose; nor

            3. Identify that the communication was from a debt collector; or

        iv. Which failed to conform to 15 U.S.C. § 1692d(6) in that it did not disclose the caller's identity.

    b. Class Number Two: A class consisting of nationwide consumers who:

        i. Within one year prior to the filing of this action;

        ii. Were not provided 1692g(a) notices;

        iii. Within 5 days from the initial communication with DEFENDANT.

    c. Class Number Three: A class consisting of nationwide consumers who:

        i. Within one year prior to the filing of this action;

      ii.  Misrepresented that the account:

          1.  Was not in collections;

          2.  Was in pre-legal, civil mediation;

          3.  That the only way to dispute the debt was through court; or

          4.  That the creditor was trying to sue her.

21.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

22.    If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692d(6) and e(2), e(11)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF
CLASSES NUMBERS ONE AND TWO**

23.    PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 22 inclusive, above.

24.    A debt collector is required to disclose in the initial communication "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" and in subsequent communications "that the communication is from a debt collector". 15 U.S.C. §1692e(11).

25. Further, a debt collector is prohibited from placing "telephone calls without meaningful disclosure of the caller's identity". 15 U.S.C. § 1692d(6).

26. In July of 2014, DEFENDANT began placing calls to PLAINTIFF'S phone number in connection with the collection of a consumer debt. DEFENDANT left the following pre-recorded message on PLAINTIFF'S cell phone:

> This is an urgent message for Ashley Coleman. At this time it is imperative that we get a statement regarding this matter. Please push 1 to connect to our office immediately to talk to a representative or call us at 1-866-295-0569 immediately. That number again is 1-866-295-0569.

27. DEFENDANT's pre-recorded message fails to identify the name of the debt collector in an attempt to trick the consumer into calling DEFENDANT back.

28. Further, DEFENDANT's pre-recorded message fails to identify that the call was an attempt to collect a debt and that any information obtained will be used for that purpose, or that the communication was from a debt collector.

29. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

30. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

**VIOLATION OF THE FDCPA 15 U.S.C. § 1692g(a)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF**
**CLASS NUMBER TWO**

31. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 30 inclusive, above.

32. The FDCPA requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, the debt collector shall send the consumer a written notice containing:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

33. Here, DEFENDANT failed to send PLAINTIFF an initial collection letter notifying PLAINTIFF of her rights pursuant to §1692g(a).

34. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

35. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

///

///

///

## THIRD CLAIM FOR RELIEF

### VIOLATION OF 15 U.S.C. § 1692e(2)(A),(5), or (10) BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER THREE

36. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 35 inclusive, above.

37. A debt collector is prohibited from misrepresenting "the character, amount, or legal status of any debt". 15 U.S.C. § 1692e(2)(A).

38. Further, a debt collector is prohibited from threatening "to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. § 1692e(5).

39. Finally, a debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". 15 U.S.C. § 1692e(10).

40. Here DEFENDANT misrepresented that PLAINTIFF'S account is not in collections, but rather was in pre-legal, in civil mediation, and that PLAINTIFF's only way to dispute the debt is through court. DEFENDANT advised PLAINTIFF that the creditor is trying to sue her, and she can either pay DEFENDANT to settle the case or go through the courts.

41. No lawsuit against PLAINTIFF has been filed as of the filing of this complaint.

42. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

43. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

///

///

## FOURTH CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692d, e(10), and g
### BROUGHT BY PLAINTIFF INDIVIDUALLY

44. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 43 inclusive, above.

45. A debt collector is prohibited from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

46. Further, a debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". 15 U.S.C. § 1692e(10).

47. Finally, the FDCPA requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, the debt collector shall send the consumer a written notice containing:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

48. To comply with § 1692g(a), a debt collector is required to provide a consumer with a good address to send the dispute letter.

49. Here, DEFENDANT refused to provide PLAINTIFF with an address to which she could send her dispute letter, misrepresented that the only way to dispute the debt is through the court system, and was harassing and abusive by attacking PLAINTIFF with threats of suit and claiming she was trying to dispute the bill for no other reason than that she did not want to pay the bill.

50. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

51. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

52. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

DATED this 30th day of July 2014.

                                        **THE BOURASSA LAW GROUP, LLC**

                                        */s/ Keren E. Gesund, Esq.*
                                        Keren E. Gesund, Esq.
                                        Louisiana Bar No. 34397
                                        166 Country Club Drive
                                        New Orleans, LA 70124
                                        Tel: (702) 300-1180
                                        gesundk@gesundlawoffices.com
                                        Attorney for Plaintiff